Dear Commissioner Drennen and Dr. Kyle:
Each of you requested the opinion of this office concerning the transfer of a portion of the unreserved-undesignated General Fund Balance for the fiscal year ending June 30, 1997 ("FYE 1997") to the Health Care Services Division of the LSU Board of Supervisors (the "HCSD"). In order to efficiently respond to your requests, we have combined our response into this single opinion.
We were advised that during the course of the audits of the State of Louisiana and the LSU System, a situation was discovered which may have involved an inappropriate transfer of part of the positive balance of the State General Fund for FYE 1997 to the HCSD. We were further advised as follows:
 1. At June 30, 1997, the State General Fund reflected an unreserved-undesignated fund balance of $135,014,000.
 2. The FYE 1997 General Fund included all activity for the Louisiana Health Care Authority ("LHCA"), which governed the Charity Hospital system. At FYE 1997, the financial statements of the LHCA hospitals reported that the fund balance in the General Fund for LHCA was $155,108,907. This amount consisted of $68,916,152 that was reserved for inventory and subsequent operations and $86,192,755 that was unreserved and undesignated. This $86,192,755 was included as part of the $135,014,000 total unreserved-undesignated fund balance for the State's General Fund.
 3. Act 3 of the 1997 Regular Session ("Act 3") created the HCSD under the authority of the LSU Board of Supervisors. The Act transferred all property of the LHCA to the HCSD and had an effective date of July 1, 1997.
 4. Act 6 of the 1998 Regular Session ("Act 6") appropriated $135,014,000 out of the General Fund resulting from the FYE 1997 unreserved-undesignated General Fund balance for the retirement of debt, to take place prior to June 30, 1998, as required by the Louisiana Constitution.
 5. At June 30, 1998, the Division of Administration reports a fund equity transfer of $155,179,000 in the General Fund. The Legislative Auditor was told that this includes a transfer of $155,108,907 to the HCSD, therefore, this would include a transfer to the HCSD of $86,192,755 of unreserved-undesignated funds from FYE 1997.
To summarize, it appears that the LHCA had an unreserved surplus for FYE 1997 of $86.1 million, which remained in the State's General Fund as required by law. Those funds together with the remainder of the General Fund surplus for FYE 1997 were appropriated and spent for the purpose of paying off State debt. However, the $86.1 million was also erroneously credited to the books of the HCSD.
The opinion of this office was requested as to whether the $86,192,755 should be returned by the HCSD to the General Fund.
It is fundamental that monies can only be expended one time. In this instance the same $86.1 million was "spent" twice. Only one of the two expenditures is valid and proper. One "expenditure", namely the determination of whether funds are unreserved undesignated general fund surplus, was made as of June 30, the last day of the State's fiscal year.[1] The second "expenditure", the transfer to the HCSD, was made as of the next day. Obviously, this second "expenditure" should not have occurred.
As of June 30, 1997, the $86.1 million was classified as undesignated general fund surplus, which is statutorily defined as nonrecurring revenue[2] and can only be used in accordance with the provisions of the Louisiana Constitution which require that nonrecurring revenue be used for the retirement or defeasance of bonds in advance and in addition to the existing amortization requirements of the state.[3] Of course, the Revenue Estimating Conference must meet and formally designate these funds as nonrecurring in the official forecast.[4]
While Act 3 provides that "all books, papers, records, money,accounts receivable, actions, and all property of every kind, movable and immovable, real and personal, heretofore possessed, controlled, or used by each hospital or the Louisiana Health Care Authority, are hereby transferred to the board, to be used by the health care services division", this transfer could only occur on or after July 1, 1997, after the effective date of Act 3 and after the effective date of the determination that the $86.1 million was undesignated general fund surplus.
Accordingly, it is the opinion of this office that the transfer to the HCSD of $86.1 million should not have occurred, and accordingly, that money should be repaid to the State General Fund by the HCSD.
Trusting this adequately responds to each of your requests, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: ____________________________
MARTHA S. HESS Assistant Attorney General Date Received: Date Released:
Martha S. Hess Assistant Attorney General
[1] La. R.S. 39:53(D).
[2] La. R.S. 39:2(22) defines "nonrecurring revenue" to mean "revenue received by the state from a source identified by the Revenue Estimating Conference as being of a nonrecurring nature.`Nonrecurring revenue' shall include but not be limited toundesignated general fund balances. `Nonrecurring revenues' shall not include revenues received by the state from any source which has been available for the preceding two fiscal years or which will be available for the succeeding two fiscal years." (Emphasis added)
[3] Prior to its amendment in 1998 La. Const. Art. VII, Sec.10(D)(2) provided as follows: "Except as otherwise provided in this constitution, the appropriation of any money designated in the official forecast as nonrecurring shall be made only for the purpose of retiring or for the defeasance of bonds in advance and in addition to the existing amortization requirements of the state."
[4] La. Const. Art. VII, Sec. 10(B), La. R.S. 39:22.